IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-cv-64

| | |
|---|---|
| TAMMIIKA FROWNER, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FAYETTEVILLE STATE UNIVERSITY, ) <br> ) <br> Defendant. ) | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Tammiika Frowner ("Ms. Frowner"), complaining of Defendant Fayetteville State University ("Defendant"), alleges and says the following:

## INTRODUCTION

1. This action stems from Defendant's unlawful treatment of Ms. Frowner, an employee in the Defendant's library, which was done in retaliation for her reports of racial discrimination in the workplace by her white supervisor, Larry Treadwell ("Treadwell").

2. Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## JURISDICTION

3. Ms. Frowner's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), N.C. Gen. Stat. § 126-85 (the "North Carolina Whistleblower Act"), and North Carolina common law.

4. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

5. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

1

6. Costs and attorney's fees may be awarded pursuant to Title VII, the North Carolina Whistleblower Act, and Fed. R. Civ. P. 54.

7. This Court should assume supplemental jurisdiction of Ms. Frowner's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are based upon the same operative facts as the Title VII claim over which this Court has jurisdiction. Judicial economy, convenience, and fairness to the parties suggest that this Court assume and exercise jurisdiction over the claims alleged herein.

## PARTIES

8. Ms. Frowner is a citizen of the United States and a resident of Fayetteville, North Carolina.

9. Defendant is a component of the University of North Carolina, a state institution and government body, established pursuant to the laws of the State of North Carolina.

10. At all times relevant to this Complaint, Ms. Frowner was an "employee" as that term is defined by Title VII and the North Carolina Whistleblower Act.

11. At all times relevant to this Complaint, Defendant was an "employer" as the term is defined in Title VII.

## ADMINISTRATIVE HISTORY

12. On or about May 2, 2023, Ms. Frowner filed a timely charge of discrimination (Charge No. 433-2023-02113) with the Equal Employment Opportunity Commission ("EEOC"). A copy of the May 2, 2023 Charge of Discrimination is attached hereto as Exhibit A.

13. Almost immediately after Ms. Frowner filed Charge Number 433-2023-02113, Defendant suspended her from employment for three days.

14. Defendant, at Treadwell's direction, fired Ms. Frowner on June 28, 2023.

15. The EEOC issued a "Dismissal and Notice of Rights" on November 8, 2023. A copy of the November 8th Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

16. This Complaint is being filed within 90 days from the date Ms. Frowner received the Dismissal and Notice of Rights from the EEOC.

17. Ms. Frowner has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

18. On or about November 17, 2023, Ms. Frowner filed a second Charge of Discrimination based on Defendant's retaliatory conduct occurring after she filed Charge Number 433-2023-02113.

19. Ms. Frowner requested a Notice of Right to Sue from the EEOC for this November 17th Charge (No. 433-2024-00642) on December 5, 2023.

20. On January 15, 2024, EEOC issued a Notice of Right to Sue to Ms. Frowner's online portal for 433-2024-00642, but the document transmitted was for another employee's EEOC charge.

21. Ms. Frowner has not received the correct Notice of Right to Sue for Charge Number 433-2024-00642 from the EEOC, despite her counsel's repeated communications with the department.

## FACTS

22. On or about January 7, 2022, Defendant fired Douglas Ballard, an African American man who served as the school library's Digital Initiatives Librarian.

23. Mr. Ballard's firing was done at Treadwell's direction.

24. Ms. Frowner believed that Treadwell's firing of Mr. Ballard was because of Mr. Ballard's race.

25. On or about November 25, 2022, Ms. Frowner filed a grievance with Defendant's Human Resources regarding Treadwell's conduct towards Mr. Ballard and other African Americans under his supervision, including Ms. Frowner herself.

26. Within one week of filing that grievance, Ms. Frowner was served with her first unsatisfactory job performance evaluation from Treadwell.

27. Upon information and belief, Treadwell knew of Ms. Frowner's grievance when he issued the performance evaluation to Ms. Frowner.

28. Defendant and Ms. Frowner participated in a mediation procedure to try and resolve Ms. Frowner's grievance.

29. The parties' mediation efforts resulted in an impasse.

30. Defendant ultimately declined to substantiate Ms. Frowner's grievance and issued a decision to take no further action on or about April 13, 2023.

31. Feeling justified by Defendant's decision, Treadwell issued a second unsatisfactory job performance to Ms. Frowner on April 17, 2023.

32. On May 2, 2023, Ms. Frowner filed her first Charge of Discrimination with the EEOC (Charge No. 433-2023-02113).

33. Immediately thereafter, Treadwell placed Ms. Frowner on suspension for three days.

34. Treadwell fired Ms. Frowner on June 28, 2023.

## **COUNT I – RETALIATION**

35. Ms. Frowner hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. Title VII prohibits retaliation against employees who oppose discrimination prohibited by the statute.

37. Ms. Frowner engaged in protected activity within the meaning of Title VII by reporting Treadwell's racially discriminatory conduct against African American employees under his supervision.

38. At the time of her reports, Ms. Frowner was meeting all of her job expectations.

39. Ms. Frowner was punished and, ultimately terminated, from her position with Defendant in retaliation for her protected activity.

40. The individual responsible for Defendant's retaliatory action knew of Ms. Frowner's protected activity at the time of the retaliation.

41. As a direct and proximate result of Defendant's retaliation, Ms. Frowner suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

42. Ms. Frowner has incurred and continues to incur lost wages, loss of earning capacity, and other damages in an amount to be proven at trial.

43. Ms. Frowner is entitled to recover her reasonable attorney's fees and costs.

## COUNT II – VIOLATION OF NC WHISTLEBLOWER ACT

44. Ms. Frowner hereby realleges and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

45. N.C. Gen. Stat. § 126-84 provides that it is the public policy of this state that state employees shall be encouraged to report verbally or in writing to their supervisor, department head, or other appropriate authority, evidence of activity by a state agency or state employee constituting "a violation of state … law, rule, or regulation."

46. N.C. Gen. Stat. § 126-85 provides that no head of any state department, agency or institution or other State employee exercising supervisory authority shall discharge, threaten or otherwise discriminate against a state employee regarding the state employee's compensation, terms, conditions, location or privileges of employment because the state employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity

5

described in N.C. Gen. Stat. § 126-84, unless the state employee knows or has reason to believe that the report is inaccurate.

47. N.C. Gen. Stat. § 126-85 provides that no state employee shall retaliate against another state employee because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in N.C. Gen. Stat. § 126-84.

48. Defendant is a state institution for the purposes of the North Carolina Whistleblower Act.

49. Treadwell, at all relevant times, was a state employee exercising supervisory authority for purposes of the North Carolina Whistleblower Act.

50. Ms. Frowner's report to Defendant regarding Treadwell's discriminatory conduct was protected under the North Carolina Whistleblower Act.

51. Treadwell retaliated against Ms. Frowner because of Ms. Frowner's protected activity

52. Treadwell's actions, which are attributed to Defendant, constitute a willful violation of the North Carolina Whistleblower Act.

53. As a direct and proximate result of Defendant's conduct, Ms. Frowner suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

54. Ms. Frowner has incurred and continues to incur lost wages, loss of earning capacity, and other damages in an amount to be proven at trial.

55. The North Carolina Whistleblower Act entitles Ms. Frowner to treble damages plus costs and reasonable attorney's fees for Defendant's violations of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

1. Injunctive relief for reinstatement into a substantially similar position within Fayetteville State University and to enjoin Defendant from future acts in violation of Plaintiff's rights;

2. Plaintiff has and recovers from Defendant for all economic damages in an amount to be proved at trial;

3. Plaintiff has and recovers from Defendant for all non-economic damages in an amount to be proved at trial;

4. Plaintiff has and recovers from Defendant for treble damages in an amount to be determined by the jury;

5. All costs, interest, and expenses, including reasonable attorney's fees, be taxed to the Defendant;

6. All issues of fact herein be tried by a jury;

7. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

8. All other relief which this Court deems just and proper.

This the 4th day of February, 2024.

OSBORN GAMBALE BECKLEY & BUDD PLLC

BY: *[signature]*
JOSEPH D. BUDD
N.C. Bar No. 44263
1100 Wake Forest Rd., Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733