IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00064-BO

**Tammiika Frowner,**

    Plaintiff,

v.

**Fayetteville State University,**

    Defendant.

**Order**

    This cause comes before the court upon the parties' joint motion to stay discovery D.E. 14. It requests a stay of their Rule 26(f) meeting and report proposing discovery and case management deadlines until the court resolves the Defendant's pending motion to dismiss. D.E. 10. The motion to stay contends that the motion to dismiss may resolve the case in part or entirely. So at least some of the time and expense attendant to discovery may be unnecessary.

    "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

    With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*,

121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court disposes of the pending motion to dismiss, it is uncertain what discovery may be required. The resolution of the pending motion may eliminate the need for discovery entirely. The Defendant offered plausible arguments in support of the motion to dismiss. Although Frowner has not yet responded to the motion, she may present similarly persuasive assertions. The dispositive motion requires no discovery for the court to decide it. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the motions to dismiss. If the motions are granted, the time and resources devoted to discovery may be for naught. Given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the motions to dismiss.

After balancing the relevant factors, the court finds that the parties have shown good cause to stay discovery. So the court grants the motion to stay (D.E. 14) and orders that, unless they agree otherwise, the parties may not conduct discovery until the court resolves the pending motion to dismiss. If court the denies the motion to dismiss, in whole or in part, the parties must confer and submit an amended Rule 26(f) report within 14 days from the entry of the order on the motions.

2

Case 5:24-cv-00064-BO-RN   Document 15   Filed 05/07/24   Page 2 of 3

Dated: May 7, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge